■   The People of the State of New York, Respondent, v. William Lee Jackson, Appellant.— Decision reserved and case remitted to Erie County Court for further proceedings in accordance with the following memorandum: It is now firmly established that the practice here followed — where there appeared to have been no imperative circumstances necessitating such procedure — of having the three eyewitnesses to the robbery view, for identification purposes only, the very suspect whom the police had taken into custody for the crime may be " ' so unnecessarily suggestive and conducive to irreparable mistaken identification ' " as to amount to a denial of due process of law (*People* v. *Brown*, 20 N Y 2d 238, 244). Moreover, " once the pretrial identification procedure is shown to be impermissible and improper, any in-court identifications, though not per se excludable, are not to be received in evidence ' without first determining that they were not tainted by the illegal lineup but were of independent origin ' ". (*People* v. *Ballott*, 20 N Y 2d 600, 606; *People* v. *Ahmed*, 20 N Y 2d 958.) The case is remitted for a hearing where the People must prove by " clear and convincing " evidence that the witnesses' in-court identification was not tainted by the improper showup in the police station (cf. *People* v. *Hill*, 22 N Y 2d 686). (Appeal from judgment of Erie County Court convicting defendant of robbery, second degree.) Present — Del Vecchio, J. P., Marsh, Moule, Bastow and Henry, JJ.